326 S.W.3d 497 (2010)
Karsandra GORMAN, Respondent,
v.
VISITING NURSE ASSOCIATION OF SOUTHEAST MISSOURI, INC., Respondent, and
State of Missouri, Division of Employment Security, Appellant.
No. SD 30592.
Missouri Court of Appeals, Southern District, Division Two.
November 3, 2010.
Shelly A. Kintzel, Jefferson City, MO, for Appellant.
No appearance for Respondents.
DANIEL E. SCOTT, Chief Judge.
Unemployment benefits are funded by employer tax contributions. The Division of Employment Security maintains separate employer accounts and charges benefits against accounts of a claimant's prior employers. § 288.100.[1] An employer is not charged, however, if it was "required to discharge an employee because the employee was placed on a disqualification list maintained by the department of health and senior services after the date of hire." § 660.315.13.
*498 The Labor and Industrial Relations Commission applied § 660.315.13 in this case, a decision now challenged in three respects by the Division which did not participate or present evidence below.[2] We agree with the Division in part, reverse in part, and remand for further proceedings. § 288.210.

Facts and Background
The 13-page transcript indicates that Visiting Nurse Association (Employer) hired Karsandra Gorman (Claimant) to provide in-home care for elderly and disabled persons; sought to register her with the Family Care Safety Registry (§ 210.903); but got a disqualifying "hit."[3] Employer let Claimant keep working while she sought a waiver, which was denied six months later. Witnesses at the hearing agreed that state law forced Employer to terminate Claimant's services at that point.[4]
Claimant filed for unemployment benefits. A deputy denied Employer's protest because Claimant's discharge was not due to work-related misconduct. After a hearing, the Appeals Tribunal also ruled in Claimant's favor. The Commission agreed on review, but modified the award per § 660.315.13:
While it is certainly true that employer failed to present evidence sufficient to demonstrate that claimant was discharged for misconduct connected with her work for employer, it is equally true that employer realistically had no choice in this matter. The legislature has recognized and addressed this problem in section 660.315.13 ... Accordingly, claimant should not be disqualified from receiving benefits but employer's account should not be adversely charged as the result of benefits paid to claimant.
We may reverse, remand, or set aside the Commission's decision if it is not supported by sufficient competent evidence in the record. § 288.210.

Point I
The Division asserts that § 660.315.13 "only applies when a claimant was discharged for being on the Employee Disqualification List and Claimant was discharged because she was on the Family Care Safety Registry, which is not the Employee Disqualification List." This is at least partly truethe Family Care Safety Registry is a collection of listsbut the Division's position is not fully consistent with the statutory language (following emphasis ours):
 By its terms, § 660.315.13 applies if an employee was discharged for being "on a disqualification list maintained by the department of health and senior services ...."
 Although other subsections of § 660.315 refer to "the employee disqualification list," the Division admits that "Section 660.315.13 by its terms applies to any `disqualification list maintained by the department of health and senior services'"

 The Family Care Safety Registry consists of eight lists and registries that *499 are centrally maintained per enabling legislation (§ 210.903) which begins as follows:
To protect children, the elderly, the disabled, including the developmentally disabled individuals in this state, and to promote family and community safety by providing information concerning family caregivers, there is hereby established within the department of health and senior services a "Family Care Safety Registry...."
The Division notes that the record shows Claimant was on the Family Care Safety Registry, but not which list(s) she was on. Yet that registry, and thus each of its constituent lists, is maintained by "the department of health and senior services" identified in § 660.315.13.
The Appeals Tribunal sought information that might have mooted or resolved this issue.[5] There will be a second chance to do so because, as shown below, we must remand under Point II. We decline to engage in statutory interpretation that is not now needed and may not be an issue later, and turn instead to Point II.

Point II
The Division argues that the record proves Claimant was not placed on a disqualification list after the date of hire as expressly required by § 660.315.13. The evidence is not that strong. There are references to a "hit" three weeks after Claimant was hired, but nothing about the specific list(s) involved or when Claimant may have been listed. Thus, the record does not prove § 660.315.13's inapplicability.
That said, no competent evidence shows that this statute does apply. The § 660.315.13 ruling cannot stand because the record does not indicate whether Claimant was put on a disqualification list before or after she was hired. We remand pursuant to § 288.210 since this issue was not raised below. Indeed, fairness in these circumstances dictates that the Commission and parties be permitted on remand to address all of the Division's points,[6] none of which were raised until this appeal.

Conclusion
We reverse and remand the Commission's § 660.315.13 finding for further consideration. The Commission may consider all points raised by the Division herein and shall allow the parties (including the Division) to offer additional evidence relating thereto. The Commission's decision, being not otherwise challenged, is affirmed in all other respects, including the finding that Claimant is not disqualified from receiving benefits.
RAHMEYER, P.J., and BATES, J., concur.
NOTES
[1] Statutory citations are to RSMo 2000 & Cum.Supp.2009; regulation references are to the Code of State Regulations (CSR) 2008.
[2] The Division enjoys statutory authority to bring this appeal. See § 288.210.
[3] Evidence at the hearing, which was conducted by telephone conference call, did not establish the reason for or specifics of this hit. Based on testimony that Employer's human resource employee would know such information, the Appeals Referee called that witness, but could not reach her.
[4] A waiver applicant may remain conditionally employed in some circumstances. Such employment must terminate immediately if a waiver is denied. See 19 CSR 30-82.060(14) & (15).
[5] See footnote 3.
[6] Including the Division's third and final point, which asserts that § 660.315.13 does not apply to "reimbursable" employers (see § 288.090.3(1)), and that the Commission failed to establish whether Employer is a reimbursable employer.